1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:   (619) 232-4261
5  FACSIMILE:   (619) 232-4840

6  Attorneys for Defendant CARLSON WAGONLIT TRAVEL, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | SHARON SWINYARD, an individual, | CASE NO. C-08-01329 JF RS |
|---|---|---|
| 12 | Plaintiff, | Action Date:   February 1, 2008 |
| 13 | vs. | Judge:          Hon. Jeremy Fogel |
| 14 | PREFERRED TRAVEL, INC., A MASSACHUSETTS CORPORATION; | NOTICE OF MOTION AND MOTION OF DEFENDANT CARLSON WAGONLIT |
| 15 | CARLSON WAGONLIT TRAVEL, INC., A DELAWARE CORPORATION; and DOES 1 | TRAVEL, INC. TO DISMISS PLAINTIFF SHARON SWINYARD'S BUSINESS & PROFESSIONS CODE SECTION 17200 |
| 16 | through 10, inclusive, | CLAIM |
| 17 | Defendants. | ACCOMPANYING DOCUMENTS: MEMORANDUM OF POINTS AND |
| 18 | | AUTHORITIES; DECLARATION OF RONALD R. GIUSSO; [PROPOSED] |
| 19 | | ORDER |
| 20 | | Date:      May 23, 2008 |
| 21 | | Time:      9:00 a.m. |
|    | | Courtroom:   3 |

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    TO PLAINTIFF AND HER ATTORNEY OF RECORD:

2

3    NOTICE IS HEREBY GIVEN that on May 23, 2008, at 9:00 a.m. in Courtroom 3 of the

4    above-entitled Court, 280 S. First Street, #2112, San Jose, California 95113-3008, Defendant

5    CARLSON WAGONLIT TRAVEL, INC. will move this Court for an order pursuant to Federal

6    Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff SHARON SWINYARD's claim for violation

7    of California Business & Processions Code section 17200 claim.

8

9    This motion is based on this notice of motion, the attached memorandum of points and

10    authorities, the pleadings and papers on file herein, and upon such other matters as may be

11    presented to the Court at the time of the hearing.

12

13                                        SHEA STOKES ROBERTS & WAGNER

14

15    Dated:  March 12, 2008              By:    s/Maria C. Roberts
                                                 _____
16                                               Maria C. Roberts
                                                 Ronald R. Giusso
17                                               Attorneys for Defendant
                                                 CARLSON WAGONLIT TRAVEL, INC.

18

19

20

21

22

23

24

25

26

27

28

1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:    (619) 232-4261
5  FACSIMILE:    (619) 232-4840

6  Attorneys for Defendant CARLSON WAGONLIT TRAVEL, INC.

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 SHARON SWINYARD, an individual,              CASE NO. C-08-01329 JF RS

12              Plaintiff,                       Action Date:   February 1, 2008
                                                 Judge:         Hon. Jeremy Fogel
13 vs.
                                                 MEMORANDUM OF POINTS AND
14 PREFERRED TRAVEL, INC., A                     AUTHORITIES OF DEFENDANT
   MASSACHUSETTS CORPORATION;                    CARLSON WAGONLIT TRAVEL, INC.
15 CARLSON WAGONLIT TRAVEL, INC., A              IN SUPPORT OF MOTION TO DISMISS
   DELAWARE CORPORATION; and DOES 1              PLAINTIFF SHARON SWINYARD'S
16 through 10, inclusive,                        BUSINESS & PROFESSIONS CODE
                                                 SECTION 17200 CLAIM
17              Defendants.
                                                 ACCOMPANYING DOCUMENTS:
18                                               NOTICE OF MOTION AND MOTION;
                                                 DECLARATION OF RONALD R. GIUSSO;
19                                               [PROPOSED] ORDER

20                                               Date:      May 23, 2008
                                                 Time:      9:00 a.m.
21                                               Courtroom: 3

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

                                                           CASE NO. C-08-01329 JF RS

I.

## INTRODUCTION

Plaintiff Sharon SWINYARD ("SWINYARD") has sued Defendants Preferred Travel, Inc. and Carlson Wagonlit Travel, Inc. alleging various causes of action under state and federal statutes, as well as a claim for equitable relief under California Business & Professions Code section 17200. SWINYARD's claim for equitable relief pursuant to section 17200 is defective, in that relief under section 17200 is dependent upon SWINYARD lacking an adequate remedy at law. However, as SWINYARD's complaint evidences, she unequivocally has an adequate remedy at law under the various statutory causes of action SWINYARD pled. Therefore, SWINYARD's sixth cause of action for restitution under section 17200 should properly be dismissed as it fails to state a claim upon which relief can be granted.

II.

## PERTINENT FACTS

According to SWINYARD's complaint, she was employed by Preferred, and later by Carlson, between the years of 2004 and 2007. (Complaint, ¶ 4.) SWINYARD alleges seven separate causes of action for alleged violations of California and Federal labor laws.

The first and fifth causes of action pled by SWINYARD allege the failure to pay overtime compensation under the California Labor Code and the Federal Fair Labor Standards Act, pursuant to which SWINYARD prays for damages "in excess of $106,957." (Complaint, ¶¶ 7-15; 36-49.) The second cause of action alleges the failure to provide adequate meal periods under California Labor Code section 512, pursuant to which SWINYARD seeks recovery of one hour of pay for each workday that a meal period was not provided. (Complaint, ¶¶ 16-23.) SWINYARD's third and seventh causes of action allege violations of California Labor Code section 226 for the failure to itemize wage statements and provide pay records. (Complaint, ¶¶ 24-30; 55-61.) SWINYARD further claims she is entitled to waiting time penalties pursuant to California Labor Code section 203. (Complaint, ¶¶ 31-35.) Finally, SWINYARD's sixth cause of action alleges violations of California Business and Professions Code section 17200, pursuant to which SWINYARD claims

-1-

1   equitable relief (restitution) for Defendants' failure to pay overtime premiums and failure to

2   provide adequate meal breaks.  (Complaint, ¶¶ 50-54.)

3

4                                              **III.**

5                                     **STATUTORY AUTHORITY**

6        Federal Rule of Civil Procedure 12 provides, in pertinent part:

7        Every defense to a claim for relief in any pleading must be asserted in the
         responsive pleading if one is required.  But a party may assert the following
8        defenses by motion: . . . (6) failure to state a claim upon which relief can be
         granted.
9

10  (Fed.R.Civ.P. 12(b).)  A Rule 12(b)(6) motion to dismiss for failure to state a claim is properly

11  granted where there is either a "lack of a cognizable legal theory" or "the absence of sufficient

12  facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Department*, 901 F.2d

13  696, 699 (9th Cir. 1990).)

14                                             **IV.**

15                                    **LEGAL ARGUMENT**

16  **A.    SWINYARD's Business & Professions Code §17200 Cause Of Action Should be
         Denied As She Has An Adequate Remedy At Law.**

17

18        In her Complaint, SWINYARD prays for the equitable remedy of restitution by way of her

19  §17200 cause of action.  (Complaint, ¶ 54.)  As is more fully discussed below, equitable relief

20  (including relief sought under B&PC §17200) is not available where, as here, the plaintiff has an

21  adequate remedy at law.

22        **1.    Equitable Relief Is An Extraordinary Remedy.**

23        It is well settled under both federal and state law that equitable relief is an extraordinary

24  remedy, rarely granted and only available where there is no adequate remedy at law.  (*Intel Corp.*

25  *v. Hamidi*, 30 Cal.4th 1342, 1352 (2003); *Gleaves v. Waters*, 175 Cal.App.3d 413, 417 (1985); and

26  *Bush v. California Conservatory Corps.*, 136 Cal.App.3d 194, 204 (1982).)  Indeed, equity

27  jurisprudence is premised upon the idea that courts of equity cannot act when the moving party

28  has an adequate remedy at law and will not suffer irreparable injury if equitable relief is denied.

                                    -2-              CASE NO. C-08-01329 JF RS

1  (*O'Shea v. Littleton*, 414 U.S. 488 (1974); *see also, Los Angeles Memorial Coliseum Comm'n v.*

2  *National Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980), *citing, Sampson v. Murray*, 15

3  U.S. 61, 88 (1974) (basis of injunction is irreparable harm, inadequacy of legal remedies).)

4

5      **2.      Inadequacy Of Legal Remedies Is A Mandatory Element of a §17200 Claim.**

6          California Courts, as well as Federal District Courts interpreting California law, have

7  uniformly held that claims made under Business and Professions Code §17200 are governed by

8  the same fundamental principle of "inadequacy of the legal remedy" as any other claim for

9  equitable relief. (*See, Heighley v. J.C. Penney Life Insurance Co.*, 257 F.Supp.2d 1241, 1259

10  (C.D. Cal 2003); *Churchill Village, LLC v. General Electric*, 169 F.Supp.2d 1119 (N.D. Cal

11  2000); and, *Prudential Home Mortgage Company, Inc. v. Superior Court of Orange*, 66

12  Cal.App.4th 1236, 1250 (1998).)

13

14          In *Prudential Home Mortgage Company, Inc. v. Superior Court of Orange*, the Court of

15  Appeal held that where a plaintiff has an adequate remedy at law, equitable relief under section

16  17200 is precluded as a matter of law. (*Prudential Home Mortgage Company, Inc.*, 66

17  Cal.App.4th at 1250.) On a writ from the trial court's denial of defendant's motion to strike a

18  claim for equitable relief under section 17200, the defendant in *Prudential Home* argued that

19  equitable relief under section 17200 was subject to all principles of equity, including inadequacy

20  of a legal remedy. (*Id.* at 1249-1250.) The Court of Appeal agreed, holding that inasmuch as

21  Prudential Home was potentially liable to the plaintiff for money damages pursuant to Civil Code

22  section 2491, the "statutory remedies [were] adequate, thus precluding equitable relief under the

23  Business and Professions Code" section 17200. (*Id.*)

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    In *Heighley v. J.C. Penney Life Insurance Co.*, the federal district court applying California

2  law, held that a plaintiff seeking to recover under section 17200 must plead and prove the lack of

3  an adequate remedy at law. (*Heighley*, 257 F.Supp.2d at 1259.)  The *Heighley* court found that

4  because the plaintiff had not even alleged an inadequate remedy at law, the plaintiff could not

5  properly allege a claim for relief under section 17200.  (*Id.* at 1259-1260.)

6

7    In *Churchill Village v. General Electric*, defendant General Electric voluntarily established

8  a recall of dishwashers with alleged defective wiring, which was part of a formal settlement

9  agreement ("Settlement") with the Consumer Products Safety Commission ("CPSC").  (*Churchill*

10  *Village,* 169 F.Supp.2d at 1129.)  Under the terms of the Settlement, the CPSC and General

11  Electric agreed to:  (1) a rebate program; (2) provide free replacement dishwashers; and (3)

12  provide a variety of notices regarding the rebate program.  In November 1999, plaintiff Churchill

13  Village, owners of dishwashers, sued General Electric alleging violations of California's unfair

14  competition (B & P §17200) and false advertising statutes (B & P §17500).  Three weeks after

15  filing their complaint, the dishwasher owners moved for a preliminary injunction seeking

16  injunctive relief.  The District Court, applying California law, denied the motion for preliminary

17  injunction, finding that the dishwasher owners would not suffer irreparable injury if the injunctive

18  relief was denied, as was required under section 17200, *et seq.*  (*Id..*)

19

20    Courts define an "adequate remedy at law" as a remedy which is plain, complete, and as

21  practical and efficient to the ends of justice and its prompt administration as a remedy in equity by

22  injunction.  (*Stewart Dry Goods Co. v. Lewis*, 287 U.S. 9 (1932); *Walla Walla v. Walla Water Co.*,

23  172 U.S. 1 (1898); *Local Union 499 of Int'l Bd. of Electrical Workers v. Iowa Power & Light Co.*,

24  224 F.Supp. 731, 738. (D. Iowa 1964).)  Thus, where a plaintiff can bring a legal action and

25  recover damages that will compensate her, as SWINYARD has done here, the legal remedy is

26  adequate, and equitable relief is improper as a matter of law.  (*See, Woolley v. Embassy Suites,*

27  *Inc.*, 227 Cal.App.3d 1520, 1535 (1991) (basic rule governing equitable relief is that equitable

28  relief will not be granted when a damage award would afford the plaintiff adequate relief); *see*

-4-                    CASE NO. C-08-01329 JF RS

1  *also, Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (plaintiff

2  who asserted claim for money damages and back pay for the loss of her job had an adequate

3  remedy at law and could not demonstrate irreparable injury); *Express Car Wash Corporation v.*

4  *Irinaga Brothers, Inc.*, 967 F.Supp. 1188, 1193-1194 (D. Ore. 1997) (court found because plaintiff

5  could seek damages for remediation under state law, plaintiff had an adequate remedy at law

6  rendering equitable relief inappropriate).)

7

8       In the instant case, SWINYARD has not pled and cannot prove an inadequacy of legal

9  remedies.  On its face, SWINYARD's sixth cause of action (brought under B&PC §17200) makes

10  **no** mention whatsoever of the lack of an adequate legal remedy.  (Complaint, ¶¶ 50-54.)  Indeed,

11  the equitable relief she seeks – restitution of monies Defendants received for various alleged Labor

12  Code violations – is contemplated by a number of the other causes of action pled by SWINYARD

13  in her complaint for money damages.  By way of example, SWINYARD seeks restitution under

14  section 17200 for Defendants' alleged failure to pay overtime premiums and failure to provide

15  adequate meal breaks.  (Complaint, ¶¶ 52-53.)  However, in her first, second, and fifth causes of

16  action, SWINYARD expressly claims she is entitled to money damages for the Defendants'

17  alleged failure to pay overtime premiums and failure to provide meal breaks.  (Complaint, ¶¶ 14-

18  15; 22-23; 47-48.)  SWINYARD expressly claims she is entitled to as much as $106,957 in

19  damages, in addition to liquidated damages for alleged violations of the Fair Labor Standards Act.

20  (*Id.*)  Similarly, each of the remaining causes of action pled by SWINYARD, underscore the

21  presence of adequate legal remedies.

22

23       The adequacy of the damages pled by SWINYARD in her complaint is beyond dispute,

24  and SWINYARD cannot claim that she is without a legal remedy.  Thus, SWINYARD's Business

25  & Professions Code section 17200 claim fails as a matter of law.

26  / / /

27  / / /

28  / / /

1  **B.    SWINYARD Should Not Be Permitted to Amend Her Complaint.**

2        SWINYARD must not be permitted to amend her complaint where there are no facts

3  which could be alleged that would overcome the defects raised by the instant motion to dismiss.

4  (*Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (stating that denial of leave to amend is

5  appropriate where amendment would be futile); *Shermoen v. United States*, 982 F.2d 1312, 1319

6  (9th Cir. 1992) (court has discretion to deny a motion to amend where the amendment is lacking in

7  legal foundation).)

8

9        Here, there is nothing SWINYARD could allege in an amended complaint that would

10  overcome the fatal defect in her Business and Professions Code section 17200 cause of action.

11  SWINYARD cannot allege that she lacks an adequate remedy at law when her own complaint

12  proves otherwise.  Inasmuch as that is an absolute prerequisite to stating a claim under section

13  17200, amendment cannot cure this defect.  Thus, even if SWINYARD were granted leave to

14  amend her sixth cause of action, she could not state facts sufficient to constitute a valid cause of

15  action under section 17200.  As a result, this Court should grant the instant motion to dismiss the

16  sixth cause of action alleged in SWINYARD's complaint without leave to amend.

17

18                                        **V.**

19                                **CONCLUSION**

20        Based on the foregoing, SWINYARD's sixth cause of action fails to state a claim upon

21  which relief can be granted, and, therefore, must be dismissed.

22

23                                SHEA STOKES ROBERTS & WAGNER

24

25  Dated: March 12, 2008          By:  s/Maria C. Roberts
                                        Maria C. Roberts
26                                      Ronald R. Giusso
                                        Attorneys for Defendant
27                                      CARLSON WAGONLIT TRAVEL, INC.

28

1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:   (619) 232-4261
5  FACSIMILE:   (619) 232-4840

6  Attorneys for Defendant CARLSON WAGONLIT TRAVEL, INC.

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 SHARON SWINYARD, an individual,           CASE NO. C-08-01329 JF RS

12              Plaintiff,                    Action Date:   February 1, 2008
                                              Judge:         Hon. Jeremy Fogel
13 vs.
                                              DECLARATION OF RONALD R. GIUSSO
14 PREFERRED TRAVEL, INC., A                  IN SUPPORT OF DEFENDANT CARLSON
   MASSACHUSETTS CORPORATION;                 WAGONLIT TRAVEL, INC.'S MOTION TO
15 CARLSON WAGONLIT TRAVEL, INC., A           DISMISS PLAINTIFF SHARON
   DELAWARE CORPORATION; and DOES 1           SWINYARD'S BUSINESS & PROFESSIONS
16 through 10, inclusive,                     CODE SECTION 17200 CLAIM

17              Defendants.                   ACCOMPANYING DOCUMENTS:
                                              NOTICE OF MOTION AND MOTION;
18                                            MEMORANDUM OF POINTS AND
                                              AUTHORITIES; [PROPOSED] ORDER
19
                                              Date:      May 23, 2008
20                                            Time:      9:00 a.m.
                                              Courtroom: 3
21

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1    I, RONALD R. GIUSSO, declare:

2

3    1.    I am an attorney licensed to practice law before all courts in the State of California

4    and the United States District Court, Northern District of California, and am an attorney with the

5    law firm of Shea Stokes Roberts and Wagner, ALC, attorneys of records herein for Defendant

6    Carlson Wagonlit Travel, Inc.

7

8    2.    I have personal knowledge of each of the facts set forth in this declaration and

9    could and would competently testify thereto, except as to those matters stated on information and

10   belief, and as to those matters, I believe them to be true.

11

12   3.    Attached hereto as Exhibit 1 is a true and correct copy of the Summons and

13   Complaint filed as *Sharon Swinyard, an individual v. Preferred Travel, Inc., a Massachusetts*

14   *Corporation; Carlson Wagonlit Travel, Inc., a Delaware Corporation; and Does 1 through 10,*

15   *inclusive,* as Case No. 1-08-CV-104756, in the Superior Court of the State of California in and for the

16   County of Santa Clara ("*Swinyard*").

17

18   I declare under penalty of perjury under the laws of the state of California that the

19   foregoing is true and correct.  Executed this 12th day of March 2008, at San Diego, California.

20

21                               s/Ronald R. Giusso
                                 Ronald R. Giusso
22

23

24

25

26

27

28

-1-                    CASE NO. C-08-01329 JF RS

EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PREFERRED TRAVEL, INC., a Massachusetts corporation; CARLSON
WAGONLIT TRAVEL, INC., a Delaware corporation; and DOES 1
through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHARON SWINYARD, an individual

ENDORSED

2008 FEB -1 P 1: 24

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY ___*A. Ilas*___
DEPUTY CLERK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you.    Your written response must be in proper legal form if you want the court to hear your case.    There may be a court form that you can use for your response.    You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.    If you cannot pay the filing fee, ask the court clerk for a fee waiver form.    If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.    Una carta o una llamada telefónica no lo protegen.    Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.    Es posible que haya un formulario que usted pueda usar para su respuesta.    Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.    Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.    Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA<br>DOWNTOWN District<br>191 N. FIRST STREET, SAN JOSE, CA 95113 | CASE NUMBER: *(Número del Caso):*<br>1 08 CV 104756 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MEGAN ROSS HUTCHINS (Bar # 227776)        Phone No.: (949) 260-9171
LAW OFFICE OF MICHAEL L. TRACY            Fax No.: (866) 365-3051
2030 MAIN STREET, SUITE 1300, IRVINE, CA 92614

| DATE:<br>*(Fecha)* FEB 0 1 2008 | Clerk, by ___*A. Ilas*___ , Deputy<br>*(Secretario)*                    *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*

3. [  ] on behalf of *(specify):*

     under: [  ] CCP 416.10 (corporation)         [  ] CCP 416.60 (minor)
            [  ] CCP 416.20 (defunct corporation)    [  ] CCP 416.70 (conservatee)
            [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)

            [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | Code of Civil Procedure §§ 412.20, 465 |

**SUMMONS**

1 │ MICHAEL L. TRACY, ESQ., SBN 237779
   │ MEGAN ROSS HUTCHINS, ESQ., SBN 227776
2 │ LAW OFFICES OF MICHAEL TRACY
3 │ 2030 Main Street, Suite 1300
   │ Irvine, CA 92614
4 │ T: (949) 260-9171
   │ F: (866) 365-3051
5 │
   │ Attorneys for Plaintiff SHARON SWINYARD
6 │

ENDORSED

2008 FEB -1 P 1: 24

[stamp: KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY: A. Ilas
DEPUTY CLERK]

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                        **COUNTY OF SANTA CLARA**

10

11   SHARON SWINYARD, an individual          Case No. **108CV104756**

12                 Plaintiff,                **COMPLAINT FOR UNPAID OVERTIME**
                                             **UNDER CALIFORNIA LABOR CODE,**
13         vs.                               **MEAL BREAKS, IMPROPER PAY STUBS,**
                                             **WAITING TIME PENALTIES, OVERTIME**
14   PREFERRED TRAVEL, INC., A               **UNDER THE FLSA, FAILURE TO**
     MASSACHUSETTS CORPORATION;              **PRODUCE RECORDS,**
15   CARLSON WAGONLIT TRAVEL, INC., A        **AND UNFAIR BUSINESS PRACTICES**
     DELAWARE CORPORATION; and DOES 1
16   through 10, inclusive,

17                 Defendants.               **DEMAND FOR JURY TRIAL**

18   Plaintiff, SHARON SWINYARD, alleges:

19                        **GENERAL ALLEGATIONS**

20        1.    This Court is the proper court and this action is properly filed in the County of Santa

21   Clara and in this judicial district because Defendants do business in the County of Santa Clara, and

22   because Defendants' obligations and liabilities arise therein, and because the work that was

23   performed by Plaintiff in the County of Santa Clara is the subject of this action. Venue as to each

24   defendant is proper in this judicial district, pursuant to Code of Civil Procedure §395.

25        2.    The true names and capacities of DOES 1 through 10 are unknown to Plaintiff, who

26   therefore sues the DOE Defendants by fictitious names. Plaintiff will amend this Complaint to

27   show their true names and capacities when they have been ascertained. Plaintiff is informed and

28

-1-
COMPLAINT FOR LABOR VIOLATIONS

1 believes, and hereon alleges, that some such Doe defendants are residents of California.

2     3.    Plaintiff is informed and believes that Defendants, each and all of them, at all times

3 material hereto, were the joint employers, parent companies, successor companies, predecessors in

4 interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,

5 representatives, and/or coconspirators of each of the remaining Defendants. The Defendants,

6 unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged

7 herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's

8 damages as herein alleged.

9                         **PARTIES**

10     4.    Plaintiff SHARON SWINYARD ("SWINYARD") was jointly employed by

11 Defendants from September 22, 2004 through July 13, 2007.

12     5.    Defendant, PREFERRED TRAVEL, INC. ("PREFERRED") is a Massachusetts

13 Corporation doing business in the County of Santa Clara, State of California.

14     6.    Defendant, CARLSON WAGONLIT TRAVEL, INC. ("CARLSON") is a Delaware

15 Corporation doing business in the County of Santa Clara, State of California.

16                **FIRST CAUSE OF ACTION**

17 **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL**

18       **WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**

19           **(AGAINST PREFERRED, CARLSON, and DOES 1-5)**

20     7.    Plaintiff refers to and incorporate by reference Paragraphs 1 through 6.

21     8.    This cause of action is brought against PREFERRED, CARLSON, and DOES 1-5,

22 jointly and individually.

23     9.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

24 Regulations, Title 8, §11040, for the period of Plaintiffs' employment, Defendants were required to

25 compensate Plaintiffs for all overtime, which is calculated at one and one-half (1 ½) times the

26 regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,

27 and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

28 of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

1        10.    Plaintiff SWINYARD worked more than eight (8) hours in a single workday or

2   forty (40) hours in a single workweek on numerous occasions.

3        11.    Plaintiff SWINYARD was a non-exempt employee and entitled to the above

4   overtime premiums. Defendants failed to compensate Plaintiffs for all overtime premiums.

5        12.    Plaintiff SWINYARD worked at least one pay period in which she was not properly

6   paid overtime within the three (3) years prior to the initiation of this lawsuit.

7        13.    Defendants know or should know the actual dates of overtime worked, the amount

8   of overtime worked, and the amount of unpaid overtime due.

9        14.    As a proximate result of Defendants' violations, Plaintiff SWINYARD has been

10  damaged in an amount in excess of $106,957 and subject to proof at time of trial.

11       15.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

12  Regulations, Title 8, §11040, Plaintiff SWINYARD is entitled to recover damages for the

13  nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus

14  reasonable attorney's fees and costs of suit.

15                         **SECOND CAUSE OF ACTION**

16           **FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER**

17           **CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS**

18                **AND CALIFORNIA LABOR CODE SECTION 512**

19              **(AGAINST PREFERRED, CARLSON, and DOES 1-5)**

20       16.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 15.

21       17.    This cause of action is brought against PREFERRED, CARLSON, and DOES 1-5,

22  jointly and individually.

23       18.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

24  Regulations, Title 8, §11040, for the period of Plaintiffs' employment, Defendants were required to

25  provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

26       19.    Defendants failed to provide Plaintiffs a meal period for numerous days worked.

27       20.    Defendants know or should know the dates for each missed meal period as well as

28  the damages due.

1    21.    Defendants failed to provide Plaintiff at least one meal period within the three (3)
2    years prior to filing this lawsuit.

3    22.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11040,
4    Plaintiff SWINYARD is entitled to recover one (1) hour of pay at the regular rate of compensation
5    for each workday that the meal period was not provided.

6    23.    Plaintiff SWINYARD prays for damages for missed meals in an amount subject to
7    proof at time of trial.

8                        **THIRD CAUSE OF ACTION**

9            **FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED**

10                     **UNDER LABOR CODE SECTION 226**

11                 **(AGAINST PREFERRED, CARLSON, and DOES 1-5)**

12    24.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 23.

13    25.    This cause of action is brought against PREFERRED, CARLSON, and DOES 1-5,
14    jointly and individually.

15    26.    Pursuant to Labor Code §226, every employer must furnish each employee an
16    itemized statement of wages and deductions at the time of payment of wages.

17    27.    Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not
18    accurately reflect all the information required by Labor Code § 226.

19    28.    Plaintiff suffered injury from the lack of proper information on the pay stubs
20    provided by Defendants.

21    29.    Plaintiff suffered injury under this cause of action within a period of one (1) year
22    prior to the initiation of this lawsuit.

23    30.    Pursuant to Labor Code §226(e) and (g), Plaintiffs prays for judgment against
24    Defendants in an amount subject to proof at trial plus costs and attorney fees.

25                        **FOURTH CAUSE OF ACTION**

26        **WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203**

27                 **(AGAINST PREFERRED, CARLSON, and DOES 1-5)**

28    31.    Plaintiff refers to and incorporate by reference Paragraphs 1 through 30.

-4-
COMPLAINT FOR LABOR VIOLATIONS

1    32.    This cause of action is brought against PREFERRED, CARLSON, and DOES 1-5,

2    jointly and individually.

3    33.    Plaintiff's employment with Defendants was terminated on July 13, 2007.

4    34.    Defendants willfully refused and continues to refuse to pay Plaintiff SWINYARD

5    unpaid wages as required by Labor Code §203. Defendants know that the pay is due and are

6    refusing to pay it.

7    35.    Plaintiff SWINYARD requests damages and penalties as provided by Labor Code

8    §203 in the amount of $6,000, and subject to proof at time of trial.

9    **FIFTH CAUSE OF ACTION**

10   **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216**

11   **(AGAINST ALL DEFENDANTS)**

12   36.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 35.

13   37.    This cause of action is against all Defendants, jointly and individually.

14   38.    Plaintiff is informed and believes and hereon alleges that Defendants are subject to

15   the provisions of the Fair Labor Standards Act. Under 29 U.S.C. §207(a) and §216(b), Plaintiff is

16   entitled to overtime pay at a rate of one and one-half (1 ½) times the regular rate of pay for hours

17   worked in excess of forty (40) hours in a week and an equal additional amount as liquidated

18   damages, as well as costs and attorney's fees.

19   39.    Plaintiff worked numerous weeks in excess of forty (40) hours.

20   40.    Plaintiff was a non-exempt employee and entitled to the above overtime premiums.

21   Defendants failed to compensate Plaintiff for any overtime premiums.

22   41.    This court has jurisdiction over this cause of action because the federal statute

23   specifically grants the employee the right to bring the action in "any Federal or State court of

24   competent jurisdiction." 29 U.S.C. §216(b).

25   42.    Plaintiff worked at least one week in which proper overtime premiums were not

26   paid by Defendants under the Fair Labor Standards Act within the two (2) years prior to initiating

27   this lawsuit.

28   43.    Defendant PREFERRED was the employer of Plaintiff, as the term "employer" is

-5-
COMPLAINT FOR LABOR VIOLATIONS

1 | defined in the Fair Labor Standards Act.

2 |     44.    Defendant CARLSON was the employer of Plaintiff, as the term "employer" is

3 | defined in the Fair Labor Standards Act.

4 |     45.    DOES 1-10 were the employer of Plaintiff, as the term "employer" is defined in the

5 | Fair Labor Standards Act.

6 |     46.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

7 |     47.    Plaintiff prays for judgment for overtime pay of $106,957. This amount is

8 | subsumed by the overtime pay claimed in the First Cause of Action.

9 |     48.    Plaintiff prays for judgment for liquidated damages in the amount of $106,957. This

10 | amount is supplemental to the relief requested in all other causes of action.

11 |     49.    Plaintiff prays for costs and attorney's fees.

12 | **SIXTH CAUSE OF ACTION**

13 | **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS**

14 | **CODE SECTION 17200**

15 | **(AGAINST PREFERRED, CARLSON, and DOES 1-5)**

16 |     50.    Plaintiff refers to and incorporate by reference Paragraphs 1 through 49.

17 |     51.    This cause of action is brought against PREFERRED, CARLSON, and DOES 1-5,

18 | jointly and individually.

19 |     52.    By failing to pay overtime premiums, Defendants' acts constitute unfair and

20 | unlawful business practices under Business and Professions Code §17200, et. seq.

21 |     53.    By failing to provided adequate meal breaks, Defendants' acts constitute unfair and

22 | unlawful business practices under Business and Professions Code §17200, et. seq.

23 |     54.    Plaintiff SWINYARD prays for restitution under this Cause of Action in an amount

24 | subject to proof at time of trial.

25 | **SEVENTH CAUSE OF ACTION**

26 | **FAILURE TO PROVIDE PAY RECORDS**

27 | **(AGAINST PREFERRED, CARLSON, and DOES 1-5)**

28 |     55.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 54.

-6-
COMPLAINT FOR LABOR VIOLATIONS

1      56.    This cause of action is brought against PREFERRED, CARLSON, and DOES 1-5,

2  jointly and individually.

3      57.    Pursuant to Labor Code §226, employers must provide employees an opportunity to

4  inspect or copy records upon request.

5      58.    Plaintiff requested her pay records in accordance with Labor Code §226 on

6  November 20, 2007.

7      59.    Defendants have failed to provide Plaintiff with an opportunity to inspect or copy

8  her records.

9      60.    Pursuant to Labor Code §226, Plaintiff prays for judgment against Defendants in the

10  amount of $750, costs and attorney fees.

11      61.    Pursuant to Labor Code §226, Plaintiff prays for an injunction requiring Defendants

12  to provide Plaintiff with all pay records under Labor Code §226.

13

    WHEREFORE, Plaintiff prays for the following relief:

14

15    1.  Damages for overtime not paid to Plaintiff SWINYARD in an amount in excess of

16  $106,957 and subject to proof at trial.

17    2.  Damages for meal premiums not paid to Plaintiff SWINYARD and class members in an

18  amount subject to proof at trial.

19    3.  For damages and penalties under Labor Code §226 for Plaintiff SWINYARD in an

20  amount subject to proof at trial.

21    4.  For penalties and damages pursuant to Labor Code § 203 for Plaintiff SWINYARD in

22  an amount of $6,000,  and subject to proof at trial.

23    5.  For $750 for failure to allow Plaintiff to inspect or copy records

24    6.  For restitution and disgorgement for all unfair business practices against Plaintiff

25  SWINYARD and class members in an amount subject to proof at trial.

26    7.  For prejudgment and post judgment interest.

27    8.  Cost of suit.

28    9.  Attorneys' fees.

1    10. For such other and further relief as the court may deem proper.

2

3    DATED: January 29, 2008                    LAW OFFICES OF MICHAEL TRACY

4

5                                    By:

6                                         MICHAEL    TRACY,    Attorney    for    Plaintiff
                                          SHARON SWINYARD
6

7

8                            **DEMAND FOR JURY TRIAL**

9    Plaintiffs demand a jury trial.

10   DATED: January 29, 2008                    LAW OFFICES OF MICHAEL TRACY

11

12                                   By:

13                                        MICHAEL    TRACY,    Attorney    for    Plaintiff
                                          SHARON SWINYARD

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-
COMPLAINT FOR LABOR VIOLATIONS

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   SHARON SWINYARD, an individual,          CASE NO. C-08-01329 JF RS

12          Plaintiff,                         Action Date:  February 1, 2008
                                               Judge:        Hon. Jeremy Fogel
13   vs.
                                               [PROPOSED] ORDER ON MOTION BY
14   PREFERRED TRAVEL, INC., A                 DEFENDANT CARLSON WAGONLIT
     MASSACHUSETTS CORPORATION;                TRAVEL, INC TO DISMISS PLAINTIFF'S
15   CARLSON WAGONLIT TRAVEL, INC., A          BUSINESS & PROFESSIONS CODE
     DELAWARE CORPORATION; and DOES 1          SECTION 17200 CLAIM
16   through 10, inclusive,
                                               Date:        May 23, 2008
17          Defendants.                        Time:        9:00 a.m.
                                               Courtroom:   3
18

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

                                                       CASE NO. C-08-01329 JF RS

1     The motion to dismiss of Defendant Carlson Wagonlit Travel, Inc. came on regularly for

2  hearing on May 23, 2008 at 9:00 a.m. in Department 3 of the above-entitled Court, the Honorable

3  Jeremy Fogel, Federal District Court Judge Presiding.  After consideration of the motion to

4  dismiss, any opposition to same and reply brief in support of same and good cause appearing,

5

6     **IT IS HEREBY ORDERED** that Defendant Carlson Wagonlit Travel, Inc.'s Motion to

7  Dismiss Plaintiff SHARON SWINYARD's Business & Professions Code section 17200 claim is

8  granted.  Plaintiff SWINYARD's sixth cause of action for violation of Business & Professions

9  Code section 17200 is hereby dismissed.

10

11

12  Dated: _____    _____

13                                              Hon. Jeremy Fogel
                                                United States District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:    (619) 232-4261
5  FACSIMILE:    (619) 232-4840

6  Attorneys for Defendant CARLSON WAGONLIT TRAVEL, INC.

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11  SHARON SWINYARD, an individual,          CASE NO. C-08-01329 JF RS

12              Plaintiff,                    Action Date:   February 1, 2008
                                              Judge:         Hon. Jeremy Fogel
13  vs.
                                             **PROOF OF SERVICE**
14  PREFERRED TRAVEL, INC., A
    MASSACHUSETTS CORPORATION;
15  CARLSON WAGONLIT TRAVEL, INC., A
    DELAWARE CORPORATION; and DOES 1
16  through 10, inclusive,

17              Defendants.

18

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1  | *Swinyard v. Preferred Travel, Inc. et al.*
   | United States District Court, Northern District of California
2  | Case No. C-08-01329 JF RS

3  | **PROOF OF SERVICE**

4  |      I am employed in the County of San Diego, State of California.  I am over the age of
   | eighteen years and not a party to the within action.  My business address is 510 Market Street,
5  | Third Floor, San Diego, California  92101-7025.

6  |      On March 12, 2008, I served the following document(s) described as:

7  |      •  **NOTICE OF MOTION AND MOTION OF DEFENDANT CARLSON
   |         WAGONLIT TRAVEL, INC. TO DISMISS PLAINTIFF SHARON
8  |         SWINYARD'S BUSINESS & PROFESSIONS CODE SECTION 17200
   |         CLAIM;**

9  |      •  **MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT
10 |         CARLSON WAGONLIT TRAVEL, INC. IN SUPPORT OF MOTION TO
   |         DISMISS PLAINTIFF SHARON SWINYARD'S BUSINESS &
11 |         PROFESSIONS CODE SECTION 17200 CLAIM;**

12 |      •  **DECLARATION OF RONALD R. GIUSSO IN SUPPORT OF DEFENDANT
   |         CARLSON WAGONLIT TRAVEL, INC.'S MOTION TO DISMISS
13 |         PLAINTIFF SHARON SWINYARD'S BUSINESS & PROFESSIONS CODE
   |         SECTION 17200 CLAIM; and**

14 |
15 |      •  **[PROPOSED] ORDER.**

16 | on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes
   | addressed as follows:

17 |
18 |      Michael L. Tracey                          Attorneys for Plaintiff
   |      Megan Ross Hutchins                        SHARON SWINYARD
   |      Law Offices of Michael Tracy
19 |      2030 Main Street, Suite 1300
   |      Irvine, CA  92614
20 |      (949) 260-9171 – Telephone
   |      (949) 365-3051 – Facsimile

21 | ☐    BY MAIL:  I am readily familiar with the firm's practice of collection and processing
22 |      correspondence for mailing.  Under that practice it would be deposited with the U.S. postal
   |      service on that same day with postage thereon fully prepaid at San Diego, California in the
23 |      ordinary course of business pursuant to Federal Rule of Civil Procedure section 5(b).  I am
   |      aware that on motion of the party served, service is presumed invalid if postal cancellation
24 |      date or postage meter date is more than one day after date of deposit for mailing in
   |      affidavit.

25 | ☐    BY FACSIMILE:  I served said document(s) to be transmitted by facsimile pursuant to
26 |      Rule 2008 of the California Rules of Court.  The telephone number of the sending
   |      facsimile machine was (619) 232-4840.  The name(s) and facsimile machine telephone
27 |      number(s) of the person(s) served are set forth in the service list.  The sending facsimile
   |      machine issued a transmission report confirming that the transmission was complete and
28 |      without error.

1

☐    BY PERSONAL SERVICE:  I caused to be hand-delivered said document(s) to the
      addressee(s) pursuant to Federal Rule of Civil Procedure section 5(b).

2

3

☒    BY OVERNIGHT DELIVERY  I caused said document(s) to be deposited in a box or
      other facility regularly maintained by the express service carrier providing overnight
      delivery pursuant to Federal Rule of Civil Procedure section 5(b).

4

5

☐    BY E-MAIL transmission.

6

☐    BY ELECTRONIC SUBMISSION:  Pursuant to Court order, I submitted said document(s)
      electronically to Verilaw Technologies, Inc., to be posted to the website and notice given
      to all parties that document was served.

7

8

Executed on March 12, 2008, at San Diego, California.

9

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

10

11

Wendy Roan

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-                          CASE NO. C-08-01329 JF RS