MARIA C. ROBERTS, State Bar No. 137907
mroberts@sheastokes.com
RONALD R. GIUSSO, State Bar No. 184483
rgiusso@sheastokes.com
SHEA STOKES ROBERTS & WAGNER, ALC
510 MARKET STREET, THIRD FLOOR
SAN DIEGO, CALIFORNIA 92101-7025
TELEPHONE:    (619) 232-4261
FACSIMILE:    (619) 232-4840

Attorneys for Defendant CARLSON WAGONLIT TRAVEL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHARON SWINYARD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PREFERRED TRAVEL, INC., A MASSACHUSETTS CORPORATION; CARLSON WAGONLIT TRAVEL, INC., A DELAWARE CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. C-08-01329 JF RS<br><br>Action Date:    February 1, 2008<br>Judge:            Hon. Jeremy Fogel<br><br>**ANSWER OF DEFENDANT CARLSON WAGONLIT TRAVEL, INC. TO PLAINTIFF SHARON SWINYARD'S COMPLAINT** |

Pursuant to Rule 8(b) through (f) of the *Federal Rules of Civil Procedure*, Defendant Carlson Wagonlit Travel, Inc., by and through its attorneys of record, for its answer to Plaintiff Sharon Swinyard's Complaint, denies that Plaintiff is entitled to any of the relief in the form requested, or in any other form, or at all, or that Plaintiff was damaged as alleged or in any sum at all. Carlson Wagonlit Travel, Inc. further admits, denies, or otherwise states as follows:

## **GENERAL ALLEGATIONS**

1.    Carlson Wagonlit Travel, Inc. admits that Plaintiff commenced this action in the Santa Clara Superior Court on February 1, 2008, and that Carlson Wagonlit Travel, Inc. removed the action to the United States District Court for the Northern District of California on March 8,

1   2008 pursuant to 28 U.S.C. sections 1332 and 1441.  Carlson Wagonlit Travel, Inc. admits that

2   Plaintiff has alleged that the amount in controversy in this action exceeds $75,000.00.  Carlson

3   Wagonlit Travel, Inc. admits that it is a citizen of a state other than California.  The allegation in

4   paragraph 1 of the Complaint, that Santa Clara is a proper venue for this action in that the

5   Defendants do business in the County of Santa Clara and because Defendants' obligations and

6   liabilities arise therein, because the work that was performed by Plaintiff in the County of Santa

7   Clara is the subject of this action, and that venue as to each Defendant is proper in Santa Clara

8   pursuant to Code of Civil Procedure section 395, is a legal conclusion to which no response is

9   required.

10

11      2.      Carlson Wagonlit Travel, Inc. is without sufficient information or knowledge to

12  form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint, and on that

13  basis denies each and every allegation set forth therein.

14

15      3.      Carlson Wagonlit Travel, Inc denies each and every allegation set forth in

16  paragraph 3 of the Complaint.

17

18                              **PARTIES**

19      4.      Carlson Wagonlit Travel, Inc. is without sufficient information or knowledge to

20  form a belief as to the truth of the allegations set forth in paragraph 4 of Complaint, and on that

21  basis denies each and every allegation set forth therein.

22

23      5.      Carlson Wagonlit Travel, Inc. admits that Defendant Preferred Travel, Inc. is a

24  Massachusetts corporation.  Carlson Wagonlit Travel, Inc. is without sufficient information or

25  knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of

26  Complaint, and on that basis denies each and every remaining allegation set forth therein.

27  / / /

28  / / /

-2-                                    CASE NO. C-08-01329 JF RS

6.    Carlson Wagonlit Travel, Inc. admits that it is a Delaware corporation. Carlson Wagonlit Travel, Inc. is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of Complaint, and on that basis denies each and every remaining allegation set forth therein.

## ANSWER TO FIRST CAUSE OF ACTION

7.    Carlson Wagonlit Travel, Inc. incorporates by reference, as is more fully set forth herein, its responses to paragraphs 1 through 6 of the Complaint.

8.    Carlson Wagonlit Travel, Inc. admits that Plaintiff purports to bring this action against Defendants Preferred Travel, Inc.; Carlson Wagonlit Travel, Inc.; and Does 1-5, jointly and individually.

9.    Carlson Wagonlit Travel, Inc. admits that California Code of Regulations, Title 8, section 11040, provides in part: "Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 1/2) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: (a) One and one-half (1 1/2) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and (b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek." Carlson Wagonlit Travel, Inc. denies each and every remaining allegation set forth in paragraph 9 of the Complaint.

/ / /

/ / /

CASE NO. C-08-01329 JF RS

10.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in paragraph 10 of the Complaint.

11.    Carlson Wagonlit Travel, Inc. denies that it failed to compensate Plaintiff for all overtime premiums as alleged in paragraph 11 of the Complaint.  Carlson Wagonlit Travel, Inc. is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of Complaint, and on that basis denies each and every remaining allegation set forth therein.

12.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in paragraph 12 of the Complaint.

13.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in paragraph 13 of the Complaint.

14.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in paragraph 14 of the Complaint.

15.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in paragraph 15 of the Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

16.    Carlson Wagonlit Travel, Inc. incorporates by reference, as is more fully set forth herein, its responses to paragraphs 1 through 15 of the Complaint.

17.    Carlson Wagonlit Travel, Inc. admits that Plaintiff purports to bring this action against Defendants Preferred Travel, Inc.; Carlson Wagonlit Travel, Inc.; and Does 1-5, jointly and individually.

CASE NO. C-08-01329 JF RS

1        18.    Carlson Wagonlit Travel, Inc. admits that California Code of Regulations, Title 8,

2  section 11040, provides in part: "No employer shall employ any person for a work period of more

3  than five (5) hours without a meal period of not less than 30 minutes, except that when a work

4  period of not more than six (6) hours will complete the day's work the meal period may be waived

5  by mutual consent of the employer and the employee." Carlson Wagonlit Travel, Inc. denies each

6  and every remaining allegation set forth in paragraph 18 of the Complaint.

7

8        19.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in

9  paragraph 19 of the Complaint.

10

11       20.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in

12  paragraph 20 of the Complaint.

13

14       21.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in

15  paragraph 21 of the Complaint.

16

17       22.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in

18  paragraph 22 of the Complaint.

19

20       23.    Carlson Wagonlit Travel, Inc. admits that Plaintiff prays for damages for missed

21  meal breaks, but denies that Plaintiff is entitled to any such damages as alleged in paragraph 23 of

22  the Complaint.

23

24                  **ANSWER TO THIRD CAUSE OF ACTION**

25       24.    Carlson Wagonlit Travel, Inc. incorporates by reference, as is more fully set forth

26  herein, its responses to paragraphs 1 through 23 of the Complaint.

27  / / /

28  / / /

1       25.    Carlson Wagonlit Travel, Inc. admits that Plaintiff purports to bring this action

2  against Defendants Preferred Travel, Inc.; Carlson Wagonlit Travel, Inc.; and Does 1-5, jointly

3  and individually.

4

5       26.    Carlson Wagonlit Travel, Inc. admits that California Labor Code section 226(a)

6  provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish

7  each of his or her employees, either as a detachable part of the check, draft, or voucher paying the

8  employee's wages, or separately when wages are paid by personal check or cash, an accurate

9  itemized statement in writing." Carlson Wagonlit Travel, Inc. denies each and every remaining

10  allegation set forth in paragraph 26 of the Complaint.

11

12       27.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in

13  paragraph 27 of the Complaint.

14

15       28.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in

16  paragraph 28 of the Complaint.

17

18       29.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in

19  paragraph 29 of the Complaint.

20

21       30.    Carlson Wagonlit Travel, Inc. admits that Plaintiff prays for judgment against

22  Defendants pursuant to California Labor Code sections 226(e) and (g), but denies that Plaintiff is

23  entitled to any such judgment as alleged in paragraph 30 of the Complaint.

24

25               **ANSWER TO FOURTH CAUSE OF ACTION**

26       31.    Carlson Wagonlit Travel, Inc. incorporates by reference, as is more fully set forth

27  herein, its responses to paragraphs 1 through 30 of the Complaint.

28  / / /

CASE NO. C-08-01329 JF RS

1    32.    Carlson Wagonlit Travel, Inc. admits that Plaintiff purports to bring this action

2    against Defendants Preferred Travel, Inc.; Carlson Wagonlit Travel, Inc.; and Does 1-5, jointly

3    and individually.

4

5    33.    Carlson Wagonlit Travel, Inc. is without sufficient information or knowledge to

6    form a belief as to the truth of the allegations set forth in paragraph 33 of Complaint, and on that

7    basis denies each and every allegation set forth therein.

8

9    34.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in

10    paragraph 34 of the Complaint.

11

12    35.    Carlson Wagonlit Travel, Inc. admits that Plaintiff requests damages and penalties

13    pursuant to California Labor Code section 203 in the amount of $6,000.00, but denies that Plaintiff

14    is entitled to any such damages as alleged in paragraph 35 of the Complaint.

15

16    **ANSWER TO FIFTH CAUSE OF ACTION**

17    36.    Carlson Wagonlit Travel, Inc. incorporates by reference, as is more fully set forth

18    herein, its responses to paragraphs 1 through 35 of the Complaint.

19

20    37.    Carlson Wagonlit Travel, Inc. admits that Plaintiff purports to bring this action

21    against all Defendants jointly and individually.

22

23    38.    Carlson Wagonlit Travel, Inc. admits that 29 U.S.C. section 207(a) provides:

24    "Employees engaged in interstate commerce; additional applicability to employees pursuant to

25    subsequent amendatory provisions (1) Except as otherwise provided in this section, no employer

26    shall employ any of his employees who in any workweek is engaged in commerce or in the

27    production of goods for commerce, or is employed in an enterprise engaged in commerce or in the

28    production of goods for commerce, for a workweek longer than forty hours unless such employee

CASE NO. C-08-01329 JF RS

1    receives compensation for his employment in excess of the hours above specified at a rate not less

2    than one and one-half times the regular rate at which he is employed." Carlson Wagonlit Travel,

3    Inc. further admits that 29 U.S.C. section 216(b) provides: "Any employer who violates the

4    provisions of section 206 or section 207 of this title shall be liable to the employee or employees

5    affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as

6    the case may be, and in an additional equal amount as liquidated damages." Carlson Wagonlit

7    Travel, Inc. denies each and every remaining allegation set forth in paragraph 38 of the Complaint.

8

9        39.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in

10    paragraph 39 of the Complaint.

11

12        40.    Carlson Wagonlit Travel, Inc. is without sufficient information or knowledge to

13    form a belief as to the truth of the allegation in paragraph 40 of the Complaint that Plaintiff was a

14    non-exempt employee. Carlson Wagonlit Travel, Inc. denies each and every remaining allegation

15    set forth in paragraph 40 of the Complaint.

16

17        41.    Carlson Wagonlit Travel, Inc. admits that 29 U.S.C. section 216(b) provides: "An

18    action to recover the liability prescribed in either of the preceding sentences may be maintained

19    against any employer (including a public agency) in any Federal or State court of competent

20    jurisdiction." Carlson Wagonlit Travel, Inc. is without sufficient information or knowledge to

21    form a belief as to the truth of the remaining allegations set forth in paragraph 41 of the Complaint

22    and on that basis denies each and every remaining allegation set forth therein.

23

24        42.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in

25    paragraph 42 of the Complaint.

26    / / /

27    / / /

28    / / /

-8-                    CASE NO. C-08-01329 JF RS

1    43.    Carlson Wagonlit Travel, Inc. is without sufficient information or knowledge to
2    form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint, and on
3    that basis denies each and every allegation set forth therein.

4

5    44.    Carlson Wagonlit Travel, Inc. is without sufficient information or knowledge to
6    form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, and on
7    that basis denies each and every allegation set forth therein.

8

9    45.    Carlson Wagonlit Travel, Inc. is without sufficient information or knowledge to
10    form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint, and on
11    that basis denies each and every allegation set forth therein.

12

13    46.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in
14    paragraph 46 of the Complaint.

15

16    47.    Carlson Wagonlit Travel, Inc. admits that Plaintiff prays for judgment for overtime
17    pay of $106,957, but denies that Plaintiff is entitled to any such damages as alleged in paragraph
18    47 of the Complaint. Carlson Wagonlit Travel, Inc. is without sufficient information or
19    knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 47
20    of the Complaint, and on that basis denies each and every remaining allegation set forth therein.

21

22    48.    Carlson Wagonlit Travel, Inc. admits that Plaintiff prays for judgment for
23    liquidated damages of $106,957, but denies that Plaintiff is entitled to any such liquidated
24    damages as alleged in paragraph 48 of the Complaint. Carlson Wagonlit Travel, Inc. is without
25    sufficient information or knowledge to form a belief as to the truth of the remaining allegations set
26    forth in paragraph 48 of the Complaint, and on that basis denies each and every remaining
27    allegation set forth therein.
28    / / /

CASE NO. C-08-01329 JF RS

1    49.    Carlson Wagonlit Travel, Inc. admits that Plaintiff prays costs and attorneys' fees as

2  alleged in paragraph 49 of the Complaint, but denies that Plaintiff is entitled to any costs or

3  attorneys' fees.

4

5                    **ANSWER TO SIXTH CAUSE OF ACTION**

6    50.    Carlson Wagonlit Travel, Inc. incorporates by reference, as is more fully set forth

7  herein, its responses to paragraphs 1 through 49 of the Complaint.

8

9    51.    Carlson Wagonlit Travel, Inc. admits that Plaintiff purports to bring this action

10  against Defendants Preferred Travel, Inc.; Carlson Wagonlit Travel, Inc.; and Does 1-5, jointly

11  and individually.

12

13    52.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in

14  paragraph 52 of the Complaint.

15

16    53.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in

17  paragraph 53 of the Complaint.

18

19    54.    Carlson Wagonlit Travel, Inc. admits that Plaintiff prays for restitution under the

20  Sixth Cause of Action, but denies that Plaintiff is entitled to any restitution as alleged in paragraph

21  54 of the Complaint.

22

23                    **ANSWER TO SEVENTH CAUSE OF ACTION**

24    55.    Carlson Wagonlit Travel, Inc. incorporates by reference, as is more fully set forth

25  herein, its responses to paragraphs 1 through 54 of the Complaint.

26  / / /

27  / / /

28  / / /

-10-                    CASE NO. C-08-01329 JF RS

56.    Carlson Wagonlit Travel, Inc. admits that Plaintiff purports to bring this action against Defendants Preferred Travel, Inc.; Carlson Wagonlit Travel, Inc.; and Does 1-5, jointly and individually.

57.    Carlson Wagonlit Travel, Inc. admits that California Labor Code section 226 provides: "An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request."  Carlson Wagonlit Travel, Inc. denies each and every remaining allegation set forth in paragraph 57 of the Complaint.

58.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in paragraph 58 of the Complaint.

59.    Carlson Wagonlit Travel, Inc. denies each and every allegation set forth in paragraph 59 of the Complaint.

60.    Carlson Wagonlit Travel, Inc. admits that Plaintiff prays for judgment against Defendants in the amount of $750, and for costs and attorneys' fees, but denies that Plaintiff is entitled to any damages, costs, or attorneys' fees as alleged in paragraph 60 of the Complaint.

61.    Carlson Wagonlit Travel, Inc. admits that Plaintiff prays for an injunction requiring Defendants to provide Plaintiff with all pay records under Labor Code section 226, but denies that Plaintiff is entitled to injunctive relief as alleged in paragraph 61 of the Complaint.

/ / /
/ / /
/ / /
/ / /

CASE NO. C-08-01329 JF RS

1

## AFFIRMATIVE DEFENSES

2

3

### FIRST AFFIRMATIVE DEFENSE

4     The Complaint, and each purported cause of action alleged therein, fails to state facts

5   sufficient to constitute a cause of action.

6

7

### SECOND AFFIRMATIVE DEFENSE

8     Plaintiff's claims are barred because, during all relevant periods, Plaintiff was employed in

9   a capacity exempt from the statutory requirements imposed by California Wage and Hour Law and

10   the Fair Labor Standards Act.

11

12

### THIRD AFFIRMATIVE DEFENSE

13     Plaintiff's claims are barred by the applicable statute of limitations including, but not

14   limited to, California *Code of Civil Procedure* sections 337, 338, 339, 340, 343, and California

15   *Business and Professions Code* section 17208.

16

17

### FOURTH AFFIRMATIVE DEFENSE

18     Any and all actions taken by this answering Defendant concerning or affecting Plaintiff

19   were undertaken in good faith, on reasonable grounds, and were entirely justified, proper, and

20   lawful.

21

22

### FIFTH AFFIRMATIVE DEFENSE

23     This answering Defendant acted reasonably and in reliance upon written administrative

24   regulations, orders, or rulings to assure full compliance with all applicable requirements of federal

25   law and California state law relative to compensation paid to Plaintiff.

26   / / /

27   / / /

28   / / /

-12-

CASE NO. C-08-01329 JF RS

1

### SIXTH AFFIRMATIVE DEFENSE

2       Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, unclean hands,

3  and release.

4

5

### SEVENTH AFFIRMATIVE DEFENSE

6       Plaintiff's injuries, if any, were not proximately caused by any unlawful policy, custom,

7  practice, and/or procedure promulgated and/or tolerated by this answering Defendant.

8

9

### EIGHTH AFFIRMATIVE DEFENSE

10      Plaintiff consented to, encouraged, or voluntarily participated in all actions taken, if any.

11

12

### NINTH AFFIRMATIVE DEFENSE

13      Plaintiff's failure to take meal breaks and/or rest breaks was the result of her exercise of

14  discretion and independent judgment.

15

16

### TENTH AFFIRMATIVE DEFENSE

17      This answering Defendant alleges that each purported cause of action in the Complaint is

18  barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

19

20

### ELEVENTH AFFIRMATIVE DEFENSE

21      This answering Defendant alleges that the claims alleged by Plaintiff are barred because,

22  without admitting that this answering Defendant owed any duties or obligations to Plaintiff, such

23  duties or obligations have been fully performed, satisfied, or discharged.

24  ///

25  ///

26  ///

27  ///

28  ///

-13-

## TWELFTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that the Complaint fails to properly state a claim for penalties under California *Labor Code* section 203 because there is a bona fide, good faith dispute with respect to this answering Defendant's obligation to pay any wages that may be found to be due.

## THIRTEENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against this answering Defendant because the principles of equity and fairness operate to bar the imposition of penalties under California *Labor Code* sections 203, 226, and 226.7.

## FOURTEENTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that there must be excluded from the calculation of any waiting time wages which may be found owed to Plaintiff (which this answering Defendant denies) those aspects of the employees' compensation that are excluded from the regular rate of pay.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any unlawful or wrongful acts of any person(s) employed by this answering Defendant were outside the scope of his or her authority and such act(s), if any, were not authorized, ratified, or condoned by this answering Defendant, nor did this answering Defendant know or have reason to be aware of such alleged conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any loss or damages sustained by Plaintiff, if any, were caused by the acts or omissions of Plaintiff or persons other than this answering Defendant.

/ / /

-14-

1

### SEVENTEENTH AFFIRMATIVE DEFENSE

2       Even if Plaintiff could establish a claim for damages, Plaintiff failed, refused, and/or

3    neglected to mitigate such damages complained of in the Complaint, if any.

4

5

### EIGHTEENTH AFFIRMATIVE DEFENSE

6       Plaintiff's claims fail because she has been fully compensated for any wages owed and has

7    effected an accord and satisfaction of her claims.

8

9

### NINETEENTH AFFIRMATIVE DEFENSE

10       The Complaint is barred because any recovery from this answering Defendant would result

11    in unjust enrichment.

12

13

### TWENTIETH AFFIRMATIVE DEFENSE

14       This answering Defendant is entitled to a set-off with respect to Plaintiff for monies paid

15    for any hours that Plaintiff was not working.

16

17

### TWENTY-FIRST AFFIRMATIVE DEFENSE

18       This answering Defendant is entitled to a set-off with respect to Plaintiff for net

19    overpayments made to Plaintiff due to rounding of time records.

20

21

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22       This answering Defendant had neither actual nor constructive knowledge that Plaintiff

23    suffered or was permitted to work during hours for which she allegedly did not receive overtime

24    compensation.

25

26

### TWENTY-THIRD AFFIRMATIVE DEFENSE

27       Plaintiff has failed to exhaust the requisite administrative, statutory, and/or contractual

28    remedies available to her prior to commencing this action.

         CASE NO. C-08-01329 JF RS

1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

2    This answering Defendant alleges that its business actions or practices were not unfair,

3 unlawful, fraudulent, or deceptive within the meaning of California *Business and Professions*

4 *Code* section 17200, *et seq.*

5

6

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

7    This answering Defendant alleges that Plaintiff is barred from obtaining relief pursuant to

8 her cause of action for violation of California *Business and Professions Code* section 17200, *et*

9 *seq.* because Plaintiff has an adequate remedy at law.

10

11

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

12    This answering Defendant alleges that the Complaint, and each cause of action in the

13 Complaint, or some of them, are barred because the Wage Orders of the Industrial Welfare

14 Commission are unconstitutionally vague and ambiguous and violate this answering Defendant's

15 rights under the United States and California Constitutions to, among other things, due process of

16 law.

17

18

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

19    This answering Defendant alleges that to the extent Plaintiff recovers penalties in this

20 action, she cannot recover punitive damages.

21

22

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

23    This answering Defendant alleges that Plaintiff is not entitled to equitable relief insofar as

24 she has adequate remedies at law.

25 / / /

26 / / /

27 / / /

28 / / /

-16-    CASE NO. C-08-01329 JF RS

## TWENTY-NINTH AFFIRMATIVE DEFENSE

This answering Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff is asserting claims that are duplicative of claims she has brought in other civil actions, those claims are barred.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

This answering Defendant is entitled to all credits and offsets from any liability found to be owed to Plaintiff allowed under California or Federal law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

This answering Defendant alleges that Plaintiff, insofar as she is not a current employee of this answering Defendant, lacks standing to bring a claim for injunctive relief of any kind.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

This answering Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, yet unstated, affirmative defenses. This answering Defendant reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

/ / /

/ / /

/ / /

/ / /

/ / /

CASE NO. C-08-01329 JF RS

1    WHEREFORE, this answering Defendant prays for judgment from this Court as follows:

2    1.    Plaintiff's Complaint be dismissed with prejudice and judgment entered in this

3    answering Defendant's favor;

4    2.    Plaintiff take nothing by way of her Complaint;

5    3.    This answering Defendant recover its costs and expenses of litigation, including its

6    attorneys' fees from Plaintiff; and

7    4.    This answering Defendant have such other and further relief as may be just and

8    proper.

9

10    SHEA STOKES ROBERTS & WAGNER

11

12    Dated: March 14, 2008    By:    s/Maria C. Roberts
                                        Maria C. Roberts
13                                      Ronald R. Giusso
                                        Attorneys for Defendant
14                                      CARLSON WAGONLIT TRAVEL, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-18-    CASE NO. C-08-01329 JF RS

1  MARIA C. ROBERTS, State Bar No. 137907
   mroberts@sheastokes.com
2  RONALD R. GIUSSO, State Bar No. 184483
   rgiusso@sheastokes.com
3  SHEA STOKES ROBERTS & WAGNER, ALC
   510 MARKET STREET, THIRD FLOOR
4  SAN DIEGO, CALIFORNIA 92101-7025
   TELEPHONE:    (619) 232-4261
5  FACSIMILE:    (619) 232-4840

6  Attorneys for Defendant CARLSON WAGONLIT TRAVEL, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  SHARON SWINYARD, an individual,          CASE NO. C-08-01329 JF RS

12              Plaintiff,                    Action Date:  February 1, 2008
                                             Judge:        Hon. Jeremy Fogel
13  vs.
                                             **PROOF OF SERVICE**
14  PREFERRED TRAVEL, INC., A
    MASSACHUSETTS CORPORATION;
15  CARLSON WAGONLIT TRAVEL, INC., A
    DELAWARE CORPORATION; and DOES 1
16  through 10, inclusive,

17              Defendants.

18

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

*Swinyard v. Preferred Travel, Inc. et al.*
United States District Court, Northern District of California
Case No. C-08-01329 JF RS

## PROOF OF SERVICE

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 510 Market Street, Third Floor, San Diego, California 92101-7025.

On March 14, 2008, I served the following document(s) described as:

- **ANSWER OF DEFENDANT CARLSON WAGONLIT TRAVEL, INC. TO PLAINTIFF SHARON SWINYARD'S COMPLAINT**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Michael L. Tracy                          Attorneys for Plaintiff
Megan Ross Hutchins                   SHARON SWINYARD
Law Offices of Michael Tracy
2030 Main Street, Suite 1300
Irvine, CA 92614
(949) 260-9171 – Telephone
(949) 365-3051 – Facsimile

☐ BY MAIL: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business pursuant to Federal Rule of Civil Procedure section 5(b). I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY FACSIMILE: I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (619) 232-4840. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine issued a transmission report confirming that the transmission was complete and without error.

☐ BY PERSONAL SERVICE: I caused to be hand-delivered said document(s) to the addressee(s) pursuant to Federal Rule of Civil Procedure section 5(b).

☒ BY OVERNIGHT DELIVERY I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery pursuant to Federal Rule of Civil Procedure section 5(b).

/ / /

/ / /

/ / /

1  ☐    BY E-MAIL transmission.

2  ☐    BY ELECTRONIC SUBMISSION:  Pursuant to Court order, I submitted said document(s)
          electronically to Verilaw Technologies, Inc., to be posted to the website and notice given
3         to all parties that document was served.

4         Executed on March 14, 2008, at San Diego, California.

5         I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.

6

7                                                    Wendy Roan
                                                     Wendy Roan

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28