Douglas A. Pettit, Esq.; SBN 160371
**PETTIT KOHN INGRASSIA & LUTZ PC**
12250 El Camino Real, Suite 350
San Diego, California 92130
Phone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: DPettit@pettitkohn.com

Attorneys for Defendant
**PREFERRED TRAVEL, INC.**

# UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| SHARON SWINYARD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PREFERRED TRAVEL, INC., A MASSACHUSETTS CORPORATION; CARLSON WAGONLIT TRAVEL, INC., A DELAWARE CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 08-CV-01329 JF RS<br><br>**DEFENDANT PREFERRED TRAVEL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S BUSINESS AND PROFESSIONS CODE CLAIM**<br><br>Date: May 23, 2008<br>Time: 9:00 a.m.<br><br>District Judge: Hon. Jeremy Fogel<br>Magistrate Judge: Hon. Richard Seeborg<br>Courtroom: 3<br>Complaint Filed: February 1, 2008<br>Trial Date: TBD |

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that on May 23, 2008 at 9:00 a.m., in Courtroom 3 of the United States District Court – Northern District of California, 280 South First Street, #2112, San Jose, California 95113-3008. Defendant Preferred Travel, Inc. will move this Court for an order pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff Sharon Swinyard's claim for violation of California Business & Professions Code section 17200.

///
///
///

1607-1001

1
NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S BUS. & PROF. CODE CLAIM
Case No. C-08-01329 JF RS

1  This motion is based on the Notice of Motion, the attached Memorandum of Points and
2  Authorities, the pleadings and papers on file herein, and upon such other matters as may be
3  presented to the Court at the time of the hearing.

                                      **PETTIT KOHN INGRASSIA & LUTZ PC**

Dated: April 14, 2008              By:      s/Douglas A. Pettit
                                                           Douglas A. Pettit, Esq.
                                                           Attorneys for Defendant
                                                           **PREFERRED TRAVEL, INC.**

Douglas A. Pettit, Esq.; SBN 160371
**PETTIT KOHN INGRASSIA & LUTZ PC**
12250 El Camino Real, Suite 350
San Diego, California 92130
Phone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: DPettit@pettitkohn.com

Attorneys for Defendant
**PREFERRED TRAVEL, INC.**

# UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| SHARON SWINYARD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PREFERRED TRAVEL, INC., A MASSACHUSETTS CORPORATION; CARLSON WAGONLIT TRAVEL, INC., A DELAWARE CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 08-CV-01329 JF RS<br><br>**DEFENDANT PREFERRED TRAVEL, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S BUSINESS AND PROFESSIONS CODE CLAIM**<br><br>Date:  May 23, 2008<br>Time:  9:00 a.m.<br><br>District Judge:  Hon. Jeremy Fogel<br>Magistrate Judge:  Hon. Richard Seeborg<br>Courtroom:  3<br>Complaint Filed:  February 1, 2008<br>Trial Date:  TBD |

COMES NOW, Defendant Preferred Travel, Inc. ("Defendant"), by and through its counsel of record and hereby submits the following Memorandum of Points and Authorities in support of Defendant's Motion to Dismiss Plaintiff Sharon Swinyard's Business and Professions Code Claim.

///
///
///
///

# I.

## INTRODUCTION

Plaintiff Sharon Swinyard ("Swinyard") has sued Defendants Preferred Travel, Inc. ("Preferred Travel") and Carlson Wagonlit Travel, Inc. ("Carlson Wagonlit"), alleging various causes of action under both state and federal statutes, as well as a claim for equitable relief under California Business & Professions Code section 17200 ("section 17200"). Swinyard's claim for equitable relief is defective in that relief pursuant to section 17200 is dependant upon Swinyard lacking an adequate remedy at law. This is certainly not the case. As the complaint demonstrates, Swinyard undoubtedly has an adequate remedy at law under the various causes of action pled. Therefore, Swinyard's sixth cause of action for restitution under section 17200 should be dismissed as it fails to state a claim upon which relief can be granted.

# II.

## FACTUAL BACKGROUND

In her complaint, Swinyard alleges that she was employed by Preferred Travel and later by Carlson Wagonlit between the years of 2004 and 2007. (Complaint ¶ 4). She alleges seven causes of action for claimed violations of California and federal labor laws.

The first and fifth causes of action allege the failure to pay overtime compensation under the California Labor Code and the Federal Fair Labor Standards Act. Under these provisions, Swinyard requests damages "in excess of $100,957.00." (Complaint ¶¶ 7-15; 36-49). The second cause of action alleges the failure to provide adequate meal periods under California Labor Code section 512. Under this cause of action, Swinyard seeks recovery of one hour of pay for each workday that a meal period was not provided. (Complaint ¶¶ 16-23). The third and seventh causes of action are for violations of California Labor Code section 226; specifically, for the failure to itemize wage statements and provide pay records. (Complaint ¶¶ 24-30; 55-61). Swinyard further claims that she is entitled to waiting time penalties under California Labor Code section 203. (Complaint ¶¶ 31-35). Finally, Swinyard's sixth cause of action is for violations of

///

///

1

California Business & Professions Code section 17200, by which she requests restitution for Defendants' failure to pay overtime wages and to provide adequate meal periods. (Complaint ¶¶ 50-54).

### III.
### STATUTORY AUTHORITY

Federal Rule of Civil Procedure Rule 12 provides, in pertinent part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted.

Fed. R. Civ. P. 12(b). A Rule 12(b)(6) motion to dismiss for failure to state a claim is properly granted where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

### IV.
### LEGAL ARGUMENT

**A.  Plaintiff's Section 17200 Cause of Action Must be Denied Because Plaintiff has an Adequate Remedy at Law**

In her complaint, Swinyard prays for the equitable remedy of restitution by way of her section 17200 cause of action. (Complaint ¶ 54). As is discussed in detail below, equitable relief – including relief sought under section 17200 – is not available where, as here, the plaintiff has an adequate remedy at law.

**1.  Equitable Relief is Rarely Granted**

It is well settled under both federal and state law that equitable relief is an extraordinary remedy, only available where there is no adequate remedy at law. *Intel Corp. v. Hamidi*, 30 Cal.4th 1342, 1352 (2003); *Gleaves v. Waters*, 175 Cal.App.3d 413, 417 (1985); *Bush v. Calif. Conservatory Corps.* 136 Cal.App.3d 194, 204 (1982). The principle governing equity is that such a remedy cannot be employed when the moving party has an adequate remedy of law, and will not suffer irreparable injury if equitable relief is denied. *O'Shea v. Littleton*, 414 U.S. 488

(1974); *see also Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980) (citation omitted) (an injunction can only be based upon irreparable harm and an inadequate remedy at law).

**2.    A Section 17200 Claim Cannot Be Brought Unless The Plaintiff Has No Remedy At Law**

Both California courts and federal courts interpreting California law have uniformly held that claims made under section 17200 are governed by the fundamental principle that a claim for equitable relief does not arise unless and until the plaintiff has no remedy at law. *See Heighley v. J.C. Penny Life Ins. Co.*, 257 F. Supp. 2d 1241, 1259 (C.D. Cal. 2003); *Churchill Vill. LLC v. Gen. Elect.*, 169 F. Supp. 2d 119 (N.D. Cal. 2000); *Prudential Home Mortgage Co., Inc. v. Superior Court of Orange*, 66 Cal.App.4th 1236, 1250 (1988).

The California Court of Appeal has unequivocally held that where a plaintiff has an adequate legal remedy, equitable relief under section 17200 is precluded as a matter of law. *See Prudential Home Mortgage Co., supra*, 66 Cal.App.4th at 1250. In *Prudential Home Mortgage*, the defendant appealed the trial court's denial of its motion to strike a claim for equitable relief under section 17200. The defendant argued that equitable relief under section 17200 was subject to all principles of equity, including inadequacy of a legal remedy. *Id.* at 1249-1250. The appellate court agreed, holding that to the extent that the defendant was potentially liable to the plaintiff for money damages under Civil Code section 2491, the "statutory remedies [were] adequate, thus precluding equitable relief under the Business & Professions Code" section 17200. *Id.*

Similarly, the U.S. District Court, applying California law, held that a plaintiff claiming damages under section 17200 must plead and prove the lack of an adequate remedy of law. *Heighley v. J.C. Penny Life Ins. Co.*, 257 F. Supp.2d, 1241, 1259 (C.D. Cal. 2003). The court found that because the plaintiff had not alleged that he had no adequate remedy of law, he could not properly allege a claim for relief under section 17200. *Id.* at 1259-1260. *See also Churchill Vill., LLC v. Gen. Elec.*, 169 F. Supp.2d 119 (N.D. Cal. 2000) (denying plaintiff's motion for

///

3

1   preliminary injunction on the basis that plaintiff would not suffer irreparable injury if the
2   injunctive relief was denied, as was required under section 17200).

3       Courts define an "adequate remedy of law" as a remedy which is plain, complete, and
4   which is practical and efficient to the ends of justice and its prompt administration, as a remedy
5   and equity by injunction. *Stewart Dry Goods Co. v. Lewis*, 287 U.S. 9, (1932); *Walla Walla v.*
6   *Walla Water Co.*, 172 U.S. 1, (1898); *Local Union 499 of Int'l Board of Elec. Workers v. Iowa*
7   *Power and Light Co.*, 224 F.Supp. 731, 738 (D. Iowa 1964).  Thus, when a plaintiff can bring a
8   legal action and recover damages that will compensate him (as Swinyard has done in the present
9   matter), the legal remedy is adequate, and therefore equitable relief is improper as a matter of law.
10  See *Woolley v. Embassy Suites, Inc.*, 227 Cal.App.3d 1520, 1535 (1991) (it is fundamental that
11  equitable relief will not be granted when a damage award would afford the plaintiff adequate
12  relief); *see also Express Car Wash Corp. v. Irinaga Brothers, Inc.*, 967 F.Supp. 1188, 1193-1194
13  (D. Ore. 1997) (holding that because plaintiff could seek damages for remediation under state
14  law, plaintiff had an adequate remedy at law and equitable relief was inappropriate).

15      In the present matter, Swinyard has not pled, nor can she prove, an inadequacy of legal
16  remedies.  On its face, Swinyard's <u>sixth cause of action for violations of section 17200 makes no</u>
17  <u>mention whatsoever of the lack of an adequate legal remedy</u>. (Complaint ¶¶50-54).  Further, the
18  relief she seeks — restitution for various alleged Labor Code violations — is available through
19  several other causes of action pled by Swinyard in her complaint for money damages.  For
20  example, Swinyard seeks restitution under section 17200 for Defendants' alleged failure to pay
21  overtime premiums and provide adequate meal periods. (Complaint ¶¶52-53).  However, in
22  Swinyard's first, second, and fifth causes of action, she claims this very same relief — that she is
23  entitled to money damages for Defendants' alleged failure to pay overtime premiums and provide
24  meal periods. (Complaint ¶¶14-15; 22-23; 47-48).  Swinyard explicitly claims she is entitled to
25  nearly $107,000 in damages, in addition to liquidated damages, for alleged violations of the Fair
26  Labor Standards Act.  Such a request makes it clear that there are adequate legal remedies
27  available to Swinyard.
28  ///

The adequacy of money damages pled by Swinyard in her complaint is undisputed, and she cannot now claim that she is without a legal remedy. Accordingly, Swinyard's Business & Professions Code section 17200 claim must fail as a matter of law.

**B.     Plaintiff Must Not Be Allowed to Amend Her Complaint**

A court should dismiss a claim without leave to amend when amendment would be futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Further, this Court has the discretion to deny any motion to amend made where the amendment is lacking in legal foundation. *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992). Simply put, a plaintiff must not be permitted to amend the complaint where there are no facts and no legal principles that would overcome the defects raised by a defendant's motion to dismiss.

Here, there is nothing that Swinyard could allege in an amended complaint that would overcome the defect in her section 17200 cause of action. Swinyard cannot allege that she lacks an adequate remedy of law when her very own complaint states otherwise. Given that the inadequacy of a legal remedy is an essential element to stating a claim under section 17200, Swinyard's own allegations in her complaint make it clear that this defect cannot be cured by way of an amendment. Thus, even if Swinyard were granted leave to amend her sixth cause of action, she could not state facts sufficient to constitute a valid cause of action under section 17200. Accordingly, this court must grant the instant motion to dismiss the sixth cause of action alleged in Swinyard's complaint without leave to amend.

///
///
///
///
///
///
///
///
///

5

1  This motion is based on the Notice of Motion, the attached Memorandum of Points and
2  Authorities, the pleadings and papers on file herein, and upon such other matters as may be
3  presented to the Court at the time of the hearing.

4  **PETTIT KOHN INGRASSIA & LUTZ PC**

6  Dated: April 14, 2008        By:    s/Douglas A. Pettit
                                        Douglas A. Pettit, Esq.
7                                       Attorneys for Defendant
                                        **PREFERRED TRAVEL, INC.**

1607-1001

2

1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| SHARON SWINYARD, an individual, | CASE NO. 08-CV-01329 JF RS |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S BUSINESS AND PROFESSIONS CODE CLAIM** |
| vs. | |
| PREFERRED TRAVEL, INC., A MASSACHUSETTS CORPORATION; CARLSON WAGONLIT TRAVEL, INC., A DELAWARE CORPORATION; and DOES 1 through 10, inclusive, | Date: May 23, 2008<br>Time: 9:00 a.m. |
| | District Judge: Hon. Jeremy Fogel<br>Magistrate Judge: Hon. Richard Seeborg<br>Courtroom: 3<br>Complaint Filed: February 1, 2008<br>Trial Date: TBD |
| Defendants. | |

The motion to dismiss filed by Defendant Preferred Travel, Inc. came on regularly for hearing on May 23, 2008 at 9:00 a.m. in Courtroom 3 in the above-entitled court, the Honorable Jeremy Fogel, Federal District Court Judge, presiding. After consideration of the motion to dismiss, any opposition to the same, and the reply brief in support of the same, and good cause appearing,

///
///
///
///
///

1607-1001

1

1  **IT IS HEREBY ORDERED** that Defendant Preferred Travel, Inc.'s motion to dismiss
2  Plaintiff Sharon Swinyard's Business & Professions Code section 17200 claim is granted.
3  Plaintiff's sixth cause of action for violation of the Business & Professions Code section 17200 is
4  hereby dismissed.

5  **IT IS SO ORDERED**

7  Dated: _____

   _____
   Judge of the United States District Court
   Northern Division of California